IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| LINDA KNOEFERL, | * | |
| Plaintiff, | * | |
| v. | * | CV 1:16-152 |
| CRACKER BARREL OLD COUNTRY STORE, INC. | * | |
| Defendant. | * | |

**O R D E R**

On September 21, 2016, this Court ordered Defendant "to provide sufficient evidence that the jurisdictional amount is in controversy." (Doc. 7.) In response, defense counsel provided an affidavit swearing that plaintiff's counsel claimed Plaintiff's damages "far exceeded $75,000.00." (Doc. 8.) Upon review of the record, the Court still cannot discern whether the amount in controversy in this case exceeds the jurisdictional requirement of 28 U.S.C. § 1332.

The removing party bears the burden to establish federal jurisdiction. Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). "Where, as here, the plaintiff has not plead a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Id.

1

(citations omitted). While a defendant must not "banish all uncertainty about" the amount in controversy, at a minimum it must provide specific factual allegations that, "when combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied. Id. at 754.

Defendant has not provided sufficient evidence to persuade this Court that the amount in controversy requirement is satisfied. Defense counsel's affidavit is a conclusory allegation that the amount in controversy exceeds $75,000.00. It relies entirely upon plaintiff counsel's representation that Plaintiff's fall in the Cracker Barrel parking lot resulted in a claim worth more than $75,0000.00. While Plaintiff's fall certainly could have resulted in such a sizeable claim, this Court needs more proof before it can conclude that the preponderance of the evidence establishes that assertion. Specifically, this Court needs <u>specific factual allegations</u> demonstrating that the damages in this case will exceed $75,000.000.

Accordingly, Defendant is **ORDERED** to provide sufficient evidence that the jurisdictional amount is in controversy. Defendant has **14 DAYS** from the date of this Order to comply. Once again, Defendant may rely on "judicial admissions [], non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy

requirement is satisfied." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). The Defendant may also rely on affidavits, declarations, depositions, interrogatories, contracts, medical records, and other documentation of damages. Id. at 754-56; Chewning v. Target Corp., No. 3:12-cv-1086, 2013 WL 3013864, at * 1 (M.D. Fla. June 14, 2013). The Court stresses that its concern is not as much in what form Defendant chooses to present its evidence, but that the evidence submitted contain specific factual allegations which allow it to determine if the amount in controversy requirement is actually satisfied.

**ORDER ENTERED** at Augusta, Georgia this 31st day of October, 2016.

                                  HONORABLE J. RANDAL HALL
                                  UNITED STATES DISTRICT JUDGE
                                  SOUTHERN DISTRICT OF GEORGIA