IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LINDA KNOEFERL, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>v. )<br>)<br>CRACKER BARREL OLD COUNTRY )<br>STORE, INC., )<br>)<br>Defendant. )<br>) | CIVIL ACTION FILE NO.:<br>CV 1:16-152 |

**CONFIDENTIALITY AGREEMENT BETWEEN DEFENDANT CRACKER BARREL OLD COUNTRY STORE, INC., AND PLAINTIFF LINDA KNOEFERL AND STIPULATED PROTECTIVE ORDER**

THIS CAUSE came before this Court upon stipulation of Plaintiff Linda Knoeferl and Defendant Cracker Barrel Old Country Store, Inc. (hereinafter the "Parties"), by and through counsel. *Having fully considered the parties' proposed agreed protective order and for good cause shown, IT IS HEREBY ORDERED THAT the agreed order is GRANTED subject to the following modifications:*

*(I)   The Court and its authorized personnel are not parties to the agreement and are not bound by its terms; and*

*(II)  Nothing in this protective order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents.*

ORDERED AND ADJUDGED:

1. Each party may designate as CONFIDENTIAL INFORMATION any trade secret or other information believed in good faith by the designating party to be proprietary or confidential research, development, or commercial information.

2. This Confidential Agreement and Protective Order (hereinafter "Agreement") shall be applicable to documents, certain discovery responses and deposition testimony, as defined by the Federal Rules of Civil Procedure, to be produced in the above-styled lawsuit pending in the Federal District Court for the Southern District of Georgia, Augusta Division (hereinafter referred to as the "Lawsuit"), and any other material or information hereafter furnished by or on behalf of any party or any person associated with any party in connection with this Lawsuit, that produced documents, information, or testimony (including by deposition or at trial), which contains or is designated as CONFIDENTIAL INFORMATION in accordance with the procedures set forth herein.

3. For purposes of this Order, CONFIDENTIAL INFORMATION may include or be included in any document, physical object, tangible thing or the factual knowledge of persons. By way of example and not by limitation, CONFIDENTIAL INFORMATION may be expressed in recorded statements of counsel, transcripts, pleadings, motions, briefs, answers to interrogatories and other responses to discovery requests, drawings, compositions, devices, company records and reports, summaries, notes, abstracts and any other instrument. CONFIDENTIAL INFORMATION includes information that constitutes trade secrets or other confidential research, development or proprietary business information that a) is not generally available to others, b) is not readily determinable from other sources, c) has been treated as confidential by the Parties and d) is reasonably likely to lead to competitive injury if disclosed. The Parties shall use good faith in marking as CONFIDENTIAL INFORMATION only those documents that contain confidential information.

4. Any information or documents produced at any time, either voluntarily or

pursuant to order, orally or in writing in this litigation, which is asserted by any party to contain or constitute CONFIDENTIAL INFORMATION shall be so designated by that party in writing as follows:

    A.    Documents and things shall be clearly and prominently marked on their face with the legend: CONFIDENTIAL in an area that does not impede the visibility of the content of the document produced; and

    B.    If such CONFIDENTIAL INFORMATION is contained or given in any deposition testimony, trial testimony or any other testimony, the transcript may be designated as containing CONFIDENTIAL INFORMATION in accordance with this Agreement by notifying the Parties on the record at the time the testimony is given, or in writing within thirty (30) days of receipt of the transcript by specifying the specific pages and lines of the transcript which, based on a good faith determination that any portions so designated contain CONFIDENTIAL INFORMATION as defined herein. To the extent possible, any portions so designated shall be transcribed separately and marked by the court reporter as CONFIDENTIAL INFORMATION. Until expiration of the above thirty (30) day period, all deposition transcripts and information therein will be deemed CONFIDENTIAL INFORMATION.

    C.    By designating a document CONFIDENTIAL INFORMATION pursuant to this document, a party represents that it has made a bona fide, good faith determination that the document does, in fact, contain CONFIDENTIAL INFORMATION as defined herein.

D. Should any party produce a copy of an original document in its possession and designate that document as one containing CONFIDENTIAL INFORMATION in accordance with the procedure set forth in paragraph 3(A), (B) and (C) above, the producing party shall be deemed to have agreed that the document is an authentic copy of the original. If redactions are made, the document shall be deemed to be an authentic copy of the original minus the redactions.

5. CONFIDENTIAL INFORMATION and the portion of all writings, including the portion of pre-trial court papers that quote from, summarize, or comment upon such materials shall be treated as confidential under this order.

6. The restrictions upon, and obligations accruing to, persons who become subject to this Agreement shall not apply to any information produced in accordance with this Agreement as to which this Court or another court having jurisdiction over the production of information for this Lawsuit rules, after proper notice and hearing, that such information is not CONFIDENTIAL INFORMATION as defined in Paragraph 1 hereof.

7. All CONFIDENTIAL INFORMATION filed with the Court, including all depositions, or any portion or portions of depositions that contain(s) CONFIDENTIAL INFORMATION, and all papers (including affidavits and memoranda of law) purporting to reflect CONFIDENTIAL INFORMATION shall be filed under seal, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this Lawsuit, an identification of the contents of such sealed envelope or container, and the legend: "FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY AGREEMENT AND PROTECTIVE

ORDER."

8. CONFIDENTIAL INFORMATION shall be held in confidence and may be shown, disseminated or disclosed only to the following persons:

- A. The Court, its staff, witnesses and jury in this Lawsuit or any other court having or obtaining jurisdiction over discovery procedures in this Lawsuit;
- B. Deponents in this Lawsuit, during the course of his or her examination, who are a current or former employees of any of the Parties, or is an author, addressee, or other recipient of such material:
- C. All attorneys of record for the Parties in this Lawsuit retained in or working on the prosecution, defense, appeal or settlement of this Lawsuit, and the employees of such counsel assigned to assist them, and any other attorney or their employees associated to assist in the preparation of this Lawsuit for trial;
- D. The Parties or their employees in this Lawsuit;
- E. Any experts or consultants used or retained by counsel for the preparation or trial of this Lawsuit to aid in the prosecution, defense, appeal or settlement of this Lawsuit. Prior to receiving any information designated CONFIDENTIAL INFORMATION, any such expert must first be shown a copy of this Order and must sign a declaration in the form of Exhibit "A." Such declaration shall be retained by counsel for the receiving party until the ultimate and final outcome of the case. Upon the ultimate and final outcome of this Lawsuit, the signed declarations must be provided by counsel for the receiving party to counsel for the producing party within thirty (30) days. In

the event that consulting expert of the receiving party receives CONFIDENTIAL INFORMATION, but is not later designated as a testifying expert, counsel for receiving party may redact that consulting expert's identity before providing the signed declaration to counsel for producing party following the ultimate and final outcome of this Lawsuit. Counsel for receiving party must retain the identity of the non-designated testifying expert for the duration of its document retention policy.

  F. Such other persons in this Lawsuit as may be subsequently designated either by written agreement of the Parties after a request oy one of them, or by order of the Court upon motion of either party, after notice to the opposing party;

  G. Translators retained by the Parties for the preparation or trial of the instant case.

  9. Before being given access to CONFIDENTIAL INFORMATION, each person described in paragraphs 8(B), (D), (E), (F), or (G) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing to be bound by its terms and to submit to the jurisdiction of this Court, pursuant to execution of Exhibit "A" to this Order.

  10. Attendance at a deposition at which CONFIDENTIAL INFORMATION is disclosed or discussed shall be limited to persons authorized to receive such information pursuant to the provisions of Paragraph 8, except for court reporters, videographers and/or interpreters. The presence of court reporters, videographers and/or interpreters does not waive

any of the terms of this Agreement.

11. All CONFIDENTIAL INFORMATION produced in accordance with the provisions of this Agreement shall be used by the recipient solely for purposes of this Lawsuit. Unless otherwise agreed or ordered, permissible use shall include prosecuting or defending this Action, testimony and exhibits at the trial and appeal of this Lawsuit, or in connection with motions, depositions or witnesses preparation subject to the restrictions of this Agreement. Such use shall not include, *inter alia,* use for or in connection with any commercial activity, including but not limited to research, development, manufacture, sale or marketing of any product (including without limitation software), process, or service, or for purposes of publicity, or in any other legal proceeding. ***Under no circumstances may any CONFIDENTIAL INFORMATION be disseminated via any form of social media.***

12. If the Court orders that access to or dissemination of information submitted as CONFIDENTIAL INFORMATION shall be made to persons other than those identified in Paragraph 8 above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Agreement, and such persons shall be considered subject to this Agreement, unless the Court orders that the information is not CONFIDENTIAL INFORMATION as defined by Paragraph 1 hereof.

13. If a party to this Agreement who is to receive or receives any CONFIDENTIAL INFORMATION in accordance with this Agreement disagrees with respect to its designation as CONFIDENTIAL INFORMATION, in full or in part, such receiving party shall notify the designating party in writing within 45 days of the designating party's

service of those documents, and the recipient and the designating party shall thereupon confer as to the status of the subject information proffered within the context of this Agreement. If the recipient and the producing party are unable to agree upon the status of the subject information within ten (10) days of the initial notice of dispute, any party to this agreement may challenge the propriety of such designation by a motion to the Court, which shall decide the issue. The Court may raise the issue of designation of information as confidential without any request from a party. All materials will be filed under seal, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this Lawsuit, until the Court has decided on the propriety of such designation. The Parties may move for an *in camera* inspection in lieu of filing the documents under seal.

14. Counsel in this Lawsuit who receives any CONFIDENTIAL INFORMATION in accordance with this Agreement shall return all copies of CONFIDENTIAL INFORMATION at the end of this Lawsuit upon written request or of the producing party or provide a sworn affidavit, EXHIBIT "B", confirming the destruction of all CONFIDENTIAL INFORMATION produced, including all copies, notes direct quotes, translations, descriptions, summaries, indices, transcripts, rendering, photographs, recordings, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind of such CONFIDENTIAL INFORMATION, whether in the possession of said counsel or in the possession of each person described in Paragraphs 8 (A), (B), (D), (E), (F), and (G) to whom counsel in this Lawsuit provided CONFIDENTIAL INFORMATION.

15. A party may produce for inspection documents or things containing CONFIDENTIAL INFORMATION that are inadvertently not marked or designated in

accordance with Paragraph 4 above. A party may, within thirty (30) days of disclosure, mark or designate such documents or copies of those documents containing CONFIDENTIAL INFORMATION in accordance with Paragraph 4.

16. Nothing in this Agreement shall be deemed a waiver of any right any party otherwise might have under the Freedom of Information Act, the Federal Rules of Civil Procedure, or the doctrines of attorney-client privilege or attorney work product.

17. This Court shall retain jurisdiction of all matters pertaining to this Agreement, and all parties to this case are deemed to submit to the jurisdiction of this Court for matters relating to the enforcement of this Agreement. This Agreement shall survive the final conclusion of this Lawsuit and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Agreement.

18. This Agreement shall be governed and construed in accordance with the law of the State of Georgia.

SO STIPULATED, this 24th day of April, 2017.

/s/ Brandon K. Dial (*By MKW, WEP*)  /s/ Mary K. Walker
BRANDON K. DIAL, Esq.  MARY K. WALKER, Esq.
Attorney for the Plaintiff  Attorney for the Defendant

SO ORDERED this 26th day of April, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LINDA KNOEFERL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| ) | CV 1:16-152 |
| v. ) | |
| ) | **WRITTEN ASSURANCE** |
| CRACKER BARREL OLD COUNTRY ) | |
| STORE, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **EXHIBIT "A"**

I hereby acknowledge and affirm that I have read the terms and conditions of the Confidentiality Agreement Between Defendant Cracker Barrel Old Country Store, Inc., and Plaintiff Linda Knoeferl and Stipulated Protective Order entered in the above-captioned civil matter. I understand the terms of the Order and under oath consent to be bound by the terms of the Order as a condition to being provided access to Confidential documents and/or information derived there from. Further, by executing this Written Assurance, I hereby consent to the jurisdiction of the above-captioned Court for the special and a limited purpose of enforcing the terms of the Agreed Protective Order. I also agree, pursuant to the terms of the Order to return all Confidential Documents, including copies thereof, to Plaintiffs' counsel or Defendants' counsel, at the conclusion of this litigation so that they may be returned to the party that produced them.

I recognize that all civil remedies for breach of this Written Assurance are specifically reserved by the parties to this Lawsuit and are not waived by the disclosure provided for herein. Further, in the event of the breach of the Written Assurance, I recognize that parties to

this Lawsuit may pursue all civil remedies available to them as third party beneficiaries of the Written Assurance.

This Written Assurance made the ___ day of _____, 20__.

_____
Signature

_____
Printed Name

_____
Signatory's Role (*e.g.* expert witness)

_____
Firm

_____
Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Case Name

Subscribed and sworn to before me this ___ day of _____, 20___.

_____
Notary Public

_____
State/My commission expires:

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LINDA KNOEFERL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| ) | CV 1:16-152 |
| v. ) | |
| ) | **AFFIDAVIT OF DESTRUCTION** |
| CRACKER BARREL OLD COUNTRY ) | **OF CONFIDENTIAL** |
| STORE, INC., ) | **INFORMATION** |
| ) | |
| Defendant. ) | |
| ) | |

## EXHIBIT "B"

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1. I have read the Stipulated Confidentiality Agreement and Protective Order attached hereto and I understand its terms and meanings.

2. In compliance with the attached Confidentiality Agreement and Protective Order, I have either returned all copies of CONFIDENTIAL INFORMATION or destroyed all copies of CONFIDENTIAL INFORMATION pursuant to paragraph 14.

3. I agree that my signature below submits me to the jurisdiction of the United States District Court for the Southern District of Georgia in which the above-captioned action has been filed, and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

**FURTHER AFFIANT SAYETH NOT:**

This the _____ day of _____ 20___.

_____
Signature

SUBSCRIBED AND SWORN to before me this the _____ day of _____, 20_.

_____
NOTARY PUBLIC

My Commission Expires: