IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| LINDA KNOEFERL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 116-152 |
| | * | |
| CRACKER BARREL OLD COUNTRY STORE, INC. | * | |
| | * | |
| Defendant. | * | |

O R D E R

Before the Court is Defendant's motion for summary judgment. (Doc. 35.) The Clerk has given Plaintiff notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and the consequences of default. Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), have been satisfied. For the following reasons, Defendant's motion is DENIED.

I. BACKGROUND

Making all inferences in favor of Plaintiff, the facts of this case are as follows. On August 26, 2014, Plaintiff went to lunch with her daughter at Defendant's restaurant. (Knoeferl Dep., Doc. 37-1, at 29.) After being unable to find a disability parking space, Plaintiff's daughter offered to drop

Plaintiff off at the restaurant's entrance and park the car. (Id.) After eating their meal and purchasing a few items in the restaurant's gift shop, Plaintiff and her daughter left the restaurant. (Id.) Rather than have her daughter pull around, Plaintiff decided to walk to her car, which was parked on the other side of the lot. (Id. at 32.) Plaintiff placed her purse in the front seat of her car and when she turned around to open the back door, she fell and broke her femur. (Id. at 39) Plaintiff alleges that an indentation in the pavement caused her fall. (Id. at 32.)

In the eleven years Defendant has owned the lot, Plaintiff is the only person who had a trip and fall injury. (Brannon Aff., Doc. 37-2, ¶¶ 4, 10.) Although Defendant does not have a written policy regarding lot maintenance, twice a day, one of Defendant's employees goes around the lot inspecting for debris and other potential hazards. (Id. ¶ 18.) Additionally, Steve Brannon, manager of Defendant's restaurant, drives around the lot every day to conduct a third inspection. (Brannon Dep., Doc. 41-1, at 13.) Such inspections took place on the day of Plaintiff's injury. (Brannon Aff., Doc. 37-2, ¶ 20.)

On August 22, 2016, Plaintiff initiated this action alleging that Defendant, as landowner, breached its duty of ordinary care and was liable for Plaintiff's injuries. Defendant now moves for summary judgment arguing that Plaintiff

2

has failed to provide evidence showing Defendant knew about the indentation, and that Plaintiff was not exercising ordinary care when she fell.

## II. STANDARD

A motion for summary judgment will be granted if there is no disputed material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Facts are material if they could affect the results of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court must view facts in the light most favorable to the non-moving party and draw all inferences in its favor. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The movant initially bears the burden of proof and must demonstrate the absence of a disputed material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant must also show no reasonable jury could find for the non-moving party on any of the essential elements. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).

If the movant carries its burden, the non-moving party must come forward with significant, probative evidence showing there is a material fact in dispute. Id. at 1116. The non-movant must respond with affidavits or other forms of evidence provided

by Federal Rule of Civil Procedure 56. Id. at 1116 n.3. The non-movant cannot survive summary judgment by relying on its pleadings or conclusory statements. Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). After the non-movant has met this burden, summary judgment is granted only if "the combined body of evidence is still such that the movant would be entitled to a directed verdict at trial - that is, such that no reasonable jury could find for the non-movant." Fitzpatrick, 2 F.3d at 1116.

### III. DISCUSSION

Under Georgia law, a landowner who invites people onto its property owes a duty of ordinary care to keep those premises safe. O.C.G.A. § 51-3-1. To prevail on a premises liability claim, a plaintiff must show the hazard was one the owner "should have removed in the exercise of ordinary care for the safety of the invited public." Am. Multi-Cinema, Inc., v. Brown, 679 S.E.2d 25, 27-28 (Ga. 2009). In a "trip and fall" case, the plaintiff must present some evidence that: (1) the owner had actual or constructive knowledge of the hazard, and (2) the plaintiff lacked such knowledge, despite exercising reasonable care. McLemore v. Genuine Parts Co., 722 S.E.2d 366, 368 (Ga. Ct. App. 2012) (quoting Prikle v. Robinson Crossing,

LLC, 612 S.E.2d 83, 84 (Ga. Ct. App. 2005)). "[T]he plaintiff's evidentiary burden concerning the second prong is not shouldered until the [land]owner establishes that the plaintiff was negligent, that is, she intentionally and unreasonably exposed herself to a hazard of which she knew or, in the exercise of reasonable care, should have known existed." Id. ("With respect to the second prong, we determine whether the record shows plainly, palpably and without dispute that plaintiff had knowledge of the hazard equal or superior to that of defendants.").

A. Defendant's Knowledge

Defendant argues that since no similar accident occurred on its property during the eleven years it has been owner, Plaintiff failed to show constructive knowledge. However, constructive knowledge can be inferred if there is evidence that the owner did not have a reasonable inspection program. Landrum v. Enmark Stations, Inc., 712 S.E.2d 585, 588 (Ga. Ct. App. 2011). To prevail at summary judgment due to lack of constructive knowledge, the owner must show it had a reasonable inspection policy which was followed on the day of the accident. Matthews v. The Varsity, Inc., 546 S.E.2d 878, 880-81 (Ga. Ct. App. 2001).

The parties do not dispute that Defendant had an inspection procedure that was followed on the day of the accident.

5

Instead, the question is whether Defendant's inspection procedure was reasonable. Nevertheless, this question cannot be decided by summary judgment. <u>Wallace v. Nissan of Union City, Inc.</u>, 524 S.E.2d 542, 544-45 (Ga. Ct. App. 1999). While Defendant has introduced evidence showing it performed daily inspections, there is no evidence that Defendant's procedure is reasonable as a matter of law. Moreover, Defendant has failed to demonstrate that the hazardous nature of the uneven pavement could not have been revealed through a reasonable inspection procedure. <u>Cf.</u> <u>Chastain v. CF Ga. North DeKalb, L.P.</u>, 569 S.E.2d 914, 916 (Ga. Ct. App. 2002) (summary judgment was appropriate where a reasonable inspection procedure could not reveal the water that caused plaintiff's fall). Because a jury could find Defendant's inspection procedure is inadequate, Plaintiff has presented evidence that Defendant had constructive knowledge of the uneven pavement.

**B. Ordinary Care**

Defendant also claims that Plaintiff failed to exercise ordinary care. A plaintiff is only required to show she exercised ordinary care when the defendant establishes the plaintiff's negligence. <u>McLemore</u>, 722 S.E.2d at 368. Moreover, a defendant does not establish the plaintiff's negligence by merely showing the plaintiff admitted she did not look where she

stepped. Robinson v. Kroger Co., 493 S.E.2d 403, 414 (Ga. 1997).

Defendant argues Plaintiff cannot recover because the indentation Plaintiff tripped over was a "trifling defect." Defendant relies on Long John Silver's, Inc. v. Coleman, 479 S.E.2d 141, 142 (Ga. Ct. App. 1996), and argues that certain hazards are essentially so trivial that they can never give rise to liability. Even accepting that Coleman stands for such a proposition, subsequent state court decisions have held that hazards like the one Plaintiff tripped over can give rise to liability. See, e.g., Bullard v. Marriott Int'l, Inc., 667 S.E.2d 909, 911-12 (Ga. Ct. App. 2008) (refusing to grant summary judgment after the plaintiff tripped over uneven brick walkway); Jackson v. Waffle House, Inc., 537 S.E.2d 188, 191-92 (Ga. Ct. App. 2000) (refusing to grant summary judgment where the plaintiff tripped over uneven pavement). Accordingly, Defendant has not shown that it cannot be held liable for the uneven pavement that allegedly caused Plaintiff's fall.

Defendant also argues that because Plaintiff successfully traversed the uneven pavement shortly before her fall, she had equal knowledge of that danger and therefore cannot recover for her injuries. Under the "prior traversal" rule, a plaintiff who successfully navigates a static defect "that is readily discernable to a person exercising reasonable care for his own

7

safety" is presumed to have knowledge of that defect. Joe Enterprise, LLC v. Kane, 798 S.E.2d 97, 100-101 (Ga. Ct. App. 2017) (internal quotations and citations omitted). Here, Plaintiff testified that she placed her purse on the front seat of her car before she fell. (Knoeferl Dep. at 39.) Although the uneven pavement was presumably near the car, Plaintiff's statement does not show she crossed that exact spot when she set down her purse or that the uneven pavement was readily discernable. See Perkins v. Val D'Aosta, 699 S.E.2d 380, 382-83 (Ga. Ct. App. 2010) (plaintiff's prior traversal did not bar recovery when hazardous nature of the curb was not readily observable). Since application of the "prior traversal" rule would involve the resolution of a genuine issue of material fact, summary judgment is not appropriate.

Plaintiff has demonstrated a genuine dispute as to whether Defendant had constructive knowledge of the uneven pavement that allegedly caused her fall. See Section III.A., *supra*. Since Defendant has not shown that Plaintiff had equal knowledge of that hazard and failed to exercise ordinary care, Defendant is not entitled to summary judgment.[1]

---

[1] Defendant's argument that Plaintiff's inconsistent testimony prevents her from proving causation is meritless. While Georgia courts construe contradictory testimony against the plaintiff, that is a procedural rule and therefore inapplicable to the Court's standard at summary judgment. See Hana v. Plumer, 380 U.S. 460, 465 (1965) (holding that federal courts sitting in diversity jurisdiction are bound by state substantive and federal procedural law). Moreover, while some pieces of Plaintiff's story may have changed,

8

## IV. CONCLUSION

Upon the foregoing and in due consideration, Defendant's motions for summary judgment (doc. 35) is **DENIED**.[2]

**ORDER ENTERED** at Augusta, Georgia, this 20th day of March, 2018.

                                             _____
                                             J. RANDAL HALL, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT
                                             SOUTHERN DISTRICT OF GEORGIA

---

Plaintiff was consistent in her deposition that an indent in Defendant's parking lot caused her fall. (Knoeferl Dep. at 32, 47-48.)

[2] Defendant has also moved for a hearing on its motion for summary judgment. Because the Court can resolve all pending motions without a hearing, Defendant's motion (doc. 38) is **DENIED**.